**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LOUISIANA STATE BAR ASSOCIATION** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-6366** |
| | * | |
| **WEITZ & LUXENBERG, P.C., ET AL.** | * | **SECTION "B"(3)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand or, Alternatively, to Abstain (Rec. Doc. No. 5) filed by Louisiana State Bar Association ("LSBA"). Defendant Weitz & Luxenberg, P.C. ("W&L") filed an opposition (Rec. Doc. No. 7), and Plaintiff filed a reply (Rec. Doc. No. 11). After considering the motion and responses and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED** and that each party shall bear its own costs and expenses associated with removal.

### *BACKGROUND*

LSBA filed this action in state court against W&L on January 16, 2008, alleging that W&L was engaging in the unauthorized practice of law in Louisiana in violation of Rule 5.5 of the Louisiana Rules of Professional Conduct. On February 13, 2008, Plaintiff amended its state court petition for relief to add a claim for injunctive relief against Dale Atkins, Clerk of Civil District Court for the Parish of Orleans ("Clerk"), to prevent the Clerk's office from accepting pleadings filed by W&L in Louisiana.

1

W&L then removed the action to this Court on February 19, 2008, and Plaintiff filed its first motion to remand. W&L argued that removal was proper based on federal-question jurisdiction and/or diversity jurisdiction. The Court, however, disagreed and remanded the case back to state court on September 30, 2008, finding neither basis for federal jurisdiction to exist. Specifically, the Court held that a cause of action existed against the Clerk, a non-diverse defendant, and that the Clerk had thus not been fraudulently joined to defeat diversity; the Court also found LSBA's cause of action against the Clerk not to be premature. (*See* Rec. Doc. No. 5-3.)

The Clerk waited until nine months after remand to file exceptions to LSBA's amended petition; the state court dismissed the Clerk from the lawsuit without prejudice on August 20, 2009. The state court specifically found Plaintiff's claim against the Clerk to be premature until the merits of Plaintiff's declaratory judgment action against W&L are determined. LSBA was seeking appeal of that state court ruling when W&L invoked diversity jurisdiction to remove the action to this Court for a second time.

This action commenced on January 20, 2008, and was removed for the second time on September 17, 2009. As such, Plaintiff contends that this second removal was improper because it is based on diversity jurisdiction and occurred more than one year after commencement of the action in violation of 28 U.S.C. § 1446(b).

Plaintiff further argues that the equitable exception to this one-year time limit does not apply here because there is no evidence of Plaintiff's participation in forum manipulation or fraudulent joinder. (*See* Pl.'s Mem. in Supp. 5 (citing *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003)).) Plaintiff also claims that it is entitled to costs and expenses, including attorney fees, stemming from the allegedly improvident removal. *See* 28 U.S.C. § 1447(c).

In the alternative, Plaintiff argues that this Court should abstain from exercising jurisdiction here because Louisiana's "'special interest in expounding its own law and supervising its own judiciary'" would make it improper for this Court to determine the merits of the Louisiana Model Rules of Professional Conduct violation alleged here. (*See* Pl.'s Mem. in Supp. 9 (quoting *Neal v. Brim*, 506 F.2d 6 (5th Cir. 1975)).)

Defendant concedes that its removal took place after the one-year removal deadline expired but maintains that the equitable exception to the one-year removal deadline applies here. Defendant specifically argues that the expiration of the one-year deadline was caused by the delay of the Clerk's counsel in seeking dismissal from the suit; the Clerk, the only non-diverse defendant in this case, did not seek dismissal from the suit until six months after the one-year deadline had already passed. Defendant nevertheless removed the action less than thirty days after the Clerk was

3

dismissed by the state court and now argues that its inability to remove prior to the expiration of the one-year deadline warrants the application of equitable tolling in this instance. (*See* Def.'s Mem. in Opp'n 2-3.)  Defendant also states that LSBA has failed to establish grounds for sanctions and argues that abstention should not apply in this case.

*DISCUSSION*

**A. Notice of Removal: Timing**

Because the exercise of jurisdiction implicates federalism concerns, "removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).  Failure to file a timely notice of removal is grounds for remand. *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982).  For actions such as this one removed solely on the basis of diversity jurisdiction, 28 U.S.C. § 1446(b) provides in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action*.

(emphasis added).  In other words, regardless of whether the case is initially removable or becomes removable at a later date, it may

not be removed based on diversity jurisdiction more than one year after commencement of the action. *See id.*

This case was filed on January 20, 2008. The Clerk, a non-diverse defendant, was joined on February 13, 2008. Defendant W&L removed the case initially on February 19, 2008, and the case was remanded for lack of subject matter jurisdiction. Once the state court dismissed the non-diverse Clerk from the suit on August 20, 2009, W&L again removed the case to this Court on the basis of diversity jurisdiction; the one-year deadline imposed by 28 U.S.C. § 1446(b) had expired nearly eight months earlier.

These facts reflect that, although diversity of citizenship existed on August 20, 2009, removal was still untimely because it occurred more than one year after suit was filed. As noted above, a suit may not be removed based on diversity jurisdiction more than one year after the commencement of the action regardless of whether the case became removable after the expiration of that one-year period. As a result, this case must be remanded unless the equitable exception to the one-year deadline applies.

**B.  Equitable Exception**

W&L concedes that its second notice of removal was filed more than one year after commencement of the action but argues that the equitable exception to the one-year removal period set forth in 28 U.S.C. § 1446(b) should apply. (*See* Def.'s Mem. in Opp'n 2-4 (quoting *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir.

5

2003)).) In *Tedford*, the Fifth Circuit noted that "'the time limit for removal is not jurisdictional [and] may be waived'" due to "conduct of the parties," including acts of "forum manipulation." *Id.* at 426-27 (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). An "odor of manipulation" is insufficient to trigger the rarely used exception of equitable tolling. *See Baby Oil, Inc. v. Cedyco Corp.*, No. Civ.A. 08-3619, 2009 WL 2390870, at *8 (E.D. La. July 31, 2009) (Fallon, J.); *Jackson v. ADM/Growmark River Sys., Inc.*, No. Civ.A. 09-3864, 2009 WL 3081448, at *2 (E.D. La. Sept. 22, 2009) (Lemelle, J.); *Foster v. Landon*, No. Civ.A. 04-2645, 2004 WL 2496216, at *2 (E.D. La. Nov. 4, 2004) (Fallon, J.). The few cases in which courts have applied the equitable exception to 28 U.S.C. § 1446(b) share a singular trait: "the plaintiffs engaged in clear instances of forum manipulation . . . ." *Baby Oil*, 2009 WL 2390870, at *7.

Defendant has failed to show that Plaintiff in this case has engaged in fraudulent conduct warranting application of the equitable exception the one-year removal deadline. The only argument submitted by W&L in support of applying the equitable exception is that "W&L bears no responsibility for the time period which delayed the dismissal of the Clerk . . . ." (Def.'s Mem. in Opp'n 3-4.) W&L never alleges that LSBA "has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its

6

rights," and extension of the one-year time limit in 28 U.S.C. § 1446(b) is therefore not justified. *See Tedford*, 327 F.3d at 428-29. W&L's only allegation of fraud relates to LSBA's initial joinder of the Clerk to the lawsuit, and this Court has already held that the joinder was not fraudulent when it ruled on the first motion to remand. (*See* Rec. Doc. No. 5-3.)

The Court must "'balance the exception articulated in *Tedford* with the general rule that removal jurisdiction is to be strictly construed . . . .'" *Jackson*, 2009 WL 3081448, at *3 (quoting *Foster*, 2004 WL 2496216, at *2). Upon examination of the totality of the circumstances, this Court is not convinced that equitable tolling of the one-year removal deadline is warranted because plaintiff here did not engage in forum manipulation. As such, removal was not proper and the case should be remanded.

**C. Costs**

Upon remand, the Court may award Plaintiff costs and actual expenses, including attorney fees, incurred as a result of removal. *See* 28 U.S.C. 1447(c). To determine whether an award of costs is proper, the Court must examine "the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). "In other words, the question we consider in applying § 1447(c) is

whether the defendant had objectively reasonable grounds to believe that removal was legally proper." *Id.*

Here, W&L seems to have argued for a reasonable extension of the equitable exception that was established in *Tedford*. Although the equitable exception has never been extended to situations such as this one where no party has acted fraudulently, W&L's argument cannot be said to be unreasonable. W&L acted diligently in pursuing its removal rights and removed as soon as the parties appeared to be diverse; however, that occurred only after the one-year time limit for removal had already expired. Although the Court declines to extend the equitable exception enunciated in *Tedford* here, W&L's argument for its application in this case cannot be said to be objectively unreasonable. As such, payment of costs and expenses associated with removal should not be allocated here.

**D. Abstention**

Plaintiff argues in the alternative that the Court should abstain from exercising jurisdiction in this action. Even if the Court were to find that the *Tedford* equitable exception did apply in this case, abstention would prevent the Court from hearing the merits of the underlying action. The Fifth Circuit requires that "federal courts must be sensitive to a state's special interest in expounding its own law and supervising its own judiciary." *Neal v. Brim*, 506 F.2d 6, 10 (5th Cir. 1975). This case involves a

violation of the Louisiana Rules of Professional Conduct. The Supreme Court of Louisiana, as provided for in the Louisiana Constitution and as part of its inherent judicial power, retains the exclusive authority to regulate legal practice within the borders of Louisiana. *Mire v. City of Lake Charles*, 540 So. 2d 950, 957 (La. 1989) (citing La. Const. Art. V, Sec. 5(B)). Defendant has failed to cite any relevant authority showing that abstention would be inappropriate here. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED** and that each party shall bear its own costs and expenses associated with removal.

New Orleans, Louisiana, this 30th day of November, 2009.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE